IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEONARD EVANS,<br><br>        Plaintiff,<br><br>    v.<br><br>WELLS FARGO BANK, N.A.,<br><br>        Defendant. | Case No.: 13-cv-2371 JSC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT (Dkt. No. 9)** |

In this civil action, Plaintiff Leonard Evans sues Wells Fargo Bank, N. A., Inc. ("Wells Fargo") for injunctive and declaratory relief seeking to stay a foreclosure sale of his deceased mother's home.[1]  Now pending before the Court is Defendant Wells Fargo's Motion to Dismiss Plaintiff's Complaint.  (Dkt No. 9.)  Having considered the parties' submissions and having had the benefit of oral argument on August 1, 2013, the Court hereby DISMISSES Plaintiff's Complaint with leave to amend.

---

[1] Both parties have consented to the jurisdiction of a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

**FACTUAL & PROCEDURAL BACKGROUND**

The following is compiled from Plaintiff's Complaint and judicially noticeable documents attached to the pleadings.[2]

Plaintiff's mother, Helen Evans, obtained a loan from Wells Fargo in the amount of $544,185 on August 10, 2006. (Dkt. No. 10, Ex. 1.) The loan was secured by an Adjustable Rate Home Equity Conversion Deed of Trust recorded against real property located at 967 Carpino Way, Pittsburg, California. (*Id.*) Ms. Evans passed away, upon which Defendant asserted the terms of the Deed of Trust, which required "immediate payment in full of all sums secured" by the loan. (*Id.*) On February 13, 2013, a substitution of trustee was recorded (Dkt. No. 10, Ex. 2.), and on February 14, 2013, a Notice of Default was recorded stating that the remaining amount due on the loan was $245,115.84. (Dkt. No. 10, Ex. 3.) On May 9, 2013, a Notice of Trustee's Sale was recorded. (Dkt. No. 10, Ex. 4.)

Plaintiff claims that he is "responsible for handling [his mother's] affairs" pursuant to "her expressed wishes as detailed in her Testamentary Deposition (Will)." (Dkt. No. 18 at 4.) Proceeding pro se, Plaintiff filed a Complaint in the Superior Court for the County of Contra Costa alleging claims for: 1) fraudulent inducement to breach of contract, 2) violation of the Truth In Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, 3) fraud and conspiracy to commit fraud, 4) violation of California Civil Code § 2923.5 *et seq.*, 5) predatory lending in violation of TILA, 6) unlawful business practices under California Business and Professions Code § 17200 *et seq.*, and 7) fraudulent business practices under California Business and Professions Code § 17200 *et seq.* (Dkt. No. 1-1.)

---

[2] Pursuant to Federal Rule of Evidence 201, the Court "may judicially notice a fact that is not subject to reasonable dispute because it: (i) is generally known within the trial court's territorial jurisdiction; or (ii) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Judicial notice is appropriate for "materials incorporated into the complaint or matters of public record." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Defendant requests judicial notice of Exhibits A-D and 1-5, which are documents that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evd. 201. Therefore, the Court GRANTS Defendant's request for judicial notice of these documents.

Defendant removed this action to federal court on May 24, 2013, and on May 31, 2013, Defendant filed a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under Rule 12(b)(6). On July 11, 2013, Plaintiff filed a response to Defendant's motion to dismiss. The Court heard oral argument on the motion on August 1, 2013 and GRANTED Defendant's motion to dismiss for lack of subject matter jurisdiction for the reasons set forth below.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) requires federal courts to dismiss cases in which the court lacks subject matter jurisdiction, including when parties lack standing to bring suit. *Nat'l Wildlife Fed'n v. Adams*, 629 F.2d 587, 593 n.11 (9th Cir. 1980) ("before reaching a decision on the merits, we [are required to] address the standing issue to determine if we have jurisdiction"); *Warth v. Seldin*, 422 U.S. 490, 517-18 (1975) ("The rules of standing . . . are threshold determinants of the propriety of judicial intervention. It is the responsibility of the complainant clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers."). "[T]he standing question is whether the plaintiff has 'alleged such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify the exercise of the court's remedial powers on his behalf." *Id.*, 498–99; *Baker v. Carr*, 369 U.S. 186, 204 (1962). "As the parties invoking federal jurisdiction, respondents bear the burden of showing standing by establishing, *inter alia*, that they have suffered an injury in fact, i.e., a concrete and particularized, actual or imminent invasion of a legally protected interest." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 555 (1992) (internal quotations omitted).

## ANALYSIS

Defendant moves to dismiss under Rule 12(b)(1), contending that Plaintiff lacks standing to bring suit as he is not the borrower on the subject loan. (Dkt. No. 9 at 10.) "A probate or trust estate is not a legal entity; it is simply a collection of assets and liabilities. As such, it has no capacity to sue or be sued, or to defend an action. Any litigation must be maintained by, or against, the executor or administrator of the estate." Weil & Brown, Cal.

Practice Guide: Civil Procedure Before Trial (The Rutter Group 2003) ¶ 2:126, p. 2–36; *see also City of Atascadero v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 68 Cal. App. 4th 445, 460 (1998) ("generally the trustee is the real party in interest with legal title to any cause of action on behalf of or in the name of the trust"); *Saks v. Damon Raike & Co.*, 7 Cal. App. 4th 419, 427 (1992) ("At common law, where a cause of action is prosecuted on behalf of an express trust, the trustee is the real party in interest because the trustee has legal title to the cause"); *Galdjie v. Darwish*, 113 Cal. App. 4th 1331, 1344 (2003).

      Plaintiff concedes that his mother is the borrower on the subject loan. Although he contends in his opposition that his mother identified him—presumably as executor of her estate—in a will, he does not allege sufficient factual information to conclude that he has legally been appointed as executor, administrator, or trustee of her estate. At oral argument, Plaintiff indicated although he does not presently have such legal authority, his mother's estate is in probate and he expects to be legally appointed as the administrator of his mother's estate forthwith. However, until Plaintiff has been appointed to a position in which he has a legally cognizable interest in the proceedings, the Court cannot exercise subject matter jurisdiction over the action and must dismiss it. *See Tracy v. U.S. Dep't of Treasury*, 301 F. App'x 675, 676 (9th Cir. 2008) (dismissing an appeal "because no personal representative of [deceased]'s estate has made an appearance in this case . . . and [plaintiff] lacks standing to pursue the appeal on his behalf"); *Cosby v. Financial Freedom Sr. Funding Corp.*, 2009 WL 2959811, at *1-2 (E.D. Cal. Sept. 10, 2009) (dismissing a similar challenge to a foreclosure proceeding because "plaintiff conceded that his mother had left no will, that he had not applied to be administrator of her intestate estate, and that he was not listed on the title of the subject property as owning any interest in it…[b]ased on these facts, plaintiff has no legally protected interest in the property, and therefore cannot have suffered an 'injury in fact,' or an invasion of any interest in this property . . . [b]ecause plaintiff has no standing, the court has no subject matter jurisdiction over this case"). Accordingly, on the present record, the Court lacks subject matter jurisdiction over Plaintiff's action.

## CONCLUSION

Based on the foregoing, Plaintiff's Complaint is DISMISSED for lack of subject matter jurisdiction with leave to amend. If Plaintiff elects to amend his complaint, he must do so within 45 days. In his amended complaint, Plaintiff shall attach judicially noticeable documents demonstrating his standing as administrator or executor of his mother's estate. Plaintiff may contact the Legal Help Center, 450 Golden Gate Avenue, 15th Floor, Room 2796, Telephone No. (415) 782-8982, for assistance.

If Plaintiff files an amended complaint, the Court will refer the parties to the ADR unit to participate in a further ADR conference. Defendants' time to file an answer will be tolled during this time.

Defendant's Amended Motion to Continue Case Management Conference and Related Deadlines (Dkt. No. 23) is GRANTED as follows. A further Case Management Conference is scheduled for November 7, 2013 at 1:30 p.m. in Courtroom F, 450 Golden Gate Ave., San Francisco, California. The Joint Case Management Conference Statement is due seven days prior.

This Order disposes of Docket Nos. 9, 22 and 23.

**IT IS SO ORDERED.**

Dated: August 8, 2013

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE